UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARILYN M. HOPE,

    *Plaintiff*,

v.

PERSHING, A BANK OF NEW YORK MELLON COMPANY,

    *Defendant*.

Civil Action No. 18-17298

(JMV) (JBC)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

On December 14, 2018, *pro se* Plaintiff Marilyn M. Hope brought this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. On January 14, 2019, the Court denied her application to proceed *in forma pauperis* without prejudice because Plaintiff did not sufficiently establish her inability to pay. D.E. 4. On February 1, 2019, Plaintiff filed her first amended complaint ("FAC"). D.E. 6. The FAC has a caption but it also is written in letter form, interspersed with substantive allegations. Because Plaintiff is proceeding *pro se*, the Court treats the filing as a FAC.[1]

---

[1] Plaintiff has also now attached the Notice of Right to Sue letter, which is required by the Court to proceed with her Title VII allegation. *Id.* at 4. Title VII "requires an aggrieved party to file, within 180 days of the alleged discriminatory practice, a charge with the EEOC [the United States Equal Employment Opportunity Commission] and receive a 'right to sue' letter before bringing an action against 'the respondent named in the charge.'" *Carman v. Horizon New Jersey Health*, 2017 WL 4536116, at *3 (D.N.J. Oct. 10, 2017) (quoting *Bishop v. Okidata, Inc.*, 864 F. Supp. 416, 424 (D.N.J. 1994)).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has now adequately explained that she has only $2,000 left in her savings account, and her monthly expenses are $1,700. FAC at 2. Therefore, Plaintiff has sufficiently established her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations,

"a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff's FAC asserts a claim for violation of Title VII's of the Civil Rights Act for employment discrimination based on race, sex, color, national origin, and religion. FAC at 3. Plaintiff, however, does not provide any specific facts to sufficiently allege a plausible claim of employment discrimination based on her race. Thus, her allegations fall far short of pleading a plausible claim.

Title VII of the 1964 Civil Rights Act, "protects all employees of and applicants for employment with a covered employer, employment agency, labor organization, or training program against discrimination based on race, color, religion, sex, or national origin." *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 323 (1980). Thus, Title VII and similarly, the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 *et seq.*, prohibit employers from wrongfully discriminating against their employees. *See* 42 U.S.C. A. § 2000e-2 (West); *see also* N.J. Stat. Ann. § 10:5-12(a). To state a prima facie case of discrimination under Title VII, a plaintiff must show the following:

> (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek

> out individuals with qualifications similar to the plaintiff's to fill the position.

*Small v. Rahway Bd. of Educ.*, 2018 WL 615677, at *3 (D.N.J. Jan. 26, 2018) (citing *Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014)).

Plaintiff plausibly pleads the first three elements. First, Plaintiff indicates that she is a member of a protected class. She asserts that she was "the only African American on the project." FAC at 3. It is important to note that those facts alone do not raise an inference of discriminatory animus. Second, Plaintiff sufficiently alleges that she was qualified for the position. She states that she "did complete school, a MBA Program/a Master's Information Systems Management at Keller's Graduate School of Management in 2012"; that she received training for the project; that this was her third time working at Bank of New York Mellon; and that she has worked in "Corporate America for over 20 years." *Id.* Third, Plaintiff asserts that she was subject to an adverse employment action: she was terminated from the project. *Id.*

However, Plaintiff does not sufficiently plead the fourth element. Plaintiff notes that she trained other project managers of "different ethnic groups, with less experience," but she does not mention whether they were her replacements. *Id.* Plaintiff also does not sufficiently plead that there were any "circumstances that raise an inference of discriminatory action" present. She makes no reference, other than she was the only African-American on her project, as to her race being the reason why she was fired.

In addition, the FAC has many conclusory allegations. Courts in this District have declined to find discriminatory animus where "allegations of discrimination consist solely of conclusory assertions that these adverse employment actions were the result of discrimination based on his race and age." *See Baig v. Nuclear Regulator Comm'n*, 2011 WL 2214660, at *4 (D.N.J. 2011) (finding that "[s]imply because an individual belongs in a protected class and was terminated does

not raise an inference that the termination was due to discrimination"). Here Plaintiff claims to have been "mistreated" by the program manager, "constantly picked on" during meetings, harassed, and mocked. FAC at 2. However, the FAC fails to provide any factual context for these conclusory allegations. Plaintiff also states that she "started to feel different [sic] and saw a change in how [she] was treated," but does not mention how she was being treated differently based on her race. *Id.*

When the Court initially denied Plaintiff's application to proceed *in forma pauperis*, it also pointed out the pleading deficiencies in the original Complaint. *See* D.E. 4. However, because this is the first time the Court is ruling on the matter substantively, it will permit Plaintiff leave to to file a second amended complaint that cures deficiencies noted herein.

Accordingly, for the foregoing reasons, and for good cause shown,

IT IS on this 18th day of March, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Marilyn M. Hope's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file a second amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice. If the matter is dismissed with prejudiced, Plaintiff will not be able to sue the Defendant in the future based on the allegations in the First Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.